White, J.
This case was before this court at a former term, and is reported in 34 Ohio St. 645. It was there held that the conveyance from Clark to Drake, and the subsequent one from Drake to Mrs. Sargent are not within the operation of section 17 of the act regulating the mode of administering assignments in trust for the benefit of creditors, as amended February 12, 1863. S. & S. 397; 1 Sayler, 354. The judgment of the court below was reversed and the cause remanded for distribution of the proceeds of the sale of the property.
The question now before the court is as to the respective rights on distribution of Grant, a judgment creditor, whose judgment was recovered March 8, 1870, and execution levied April 12, following; McMillan and wife, attachment creditors, whose attachment was levied May 27, 1870; and Shorten, a mortgagee, whose mortgage was executed by Sargent and wife January 4, 1872, and recorded the same day.
1. As to the priority of the mortgage. At the time of tak *85 ing tbe mortgage the legal title was held by Mrs. Sargent, and the findings show that the mortgagee had no notice of any fraud or infirmity in it. The mortgage is supported by a valuable consideration passing a* the time of its execution, and the mortgagee took it, as is said in the finding, believing “ Mrs. Sargent to be the bona fide owner of said premises described in said mortgage.”
The mortgagee therefore stands on the footing of a bona fide purchaser for value of the legal title, and is entitled to be protected as such.
This position of the mortgagee is sought to be impugned on two grounds; (1) That Sargent, the judgment debtor, was in possession at the date of the mortgage, and that the mortgagee was chargeable with notice of such possession; (2) That he had notice of the levies of the execution and of the attachment.
As to the first ground. ‘The possession of Sargent was not adverse to the title in his wife, but consistent with it, and in the absence of fraud, his possession was referable to his marital rights in her property. The notice of possession with which the mortgagee was chargeable was the possession as it existed at the time of taking his mortgage, and not as it may have existed anterior to the conveyance to Mrs. Sargent.
As to the second ground. The execution and the attachment were not against Mrs. Sargent, in whom was vested the legal title, but against her husband, a stranger to the title, except as respects his possession in his marital right, which, under the statute concerning the rights of married women, was not subject to be taken in payment of his debts. The levies were subsequent to the conveyance to the wife, and could not affect a bona fide purchaser or mortgagee under such conveyance.
2. After satisfying the mortgage, the remaining question is as to the priority between the execution and the attachment.
In the first place it may be remarked that no question arises as to what rights may be acquired by the creditor under the process of garnishment in the proceeding in attachment. No such process was had in the present case. The levy of the attachment, like that of the execution, was made as upon the *86 lands and tenements of the debtor ; and where the attachment is thus executed its operation is no greater, in our opinion, than the levy of an execution. It has the like effect before judgment that an execution has after judgment.
The present suit is in equity. The fund, in controversy was raised by a sale made in a court of equity, and is now held for distribution upon the principles by which such courts are governed. The only parties that can be supposed to have any interest in the distribution are the execution and the attachment creditors, the debtor, and his wife. The title of the wife is held in fraud of the rights of the creditors; hence cannot be set up to defeat those rights. In equity, as against these creditors, she stands on the same footing as though her title had not been acquired. The debtor himself can of course assert no claim to the fund, neither as against his wife nor the creditors.' The question then simply is as to the respective rights of the execution creditor and the creditors in the attachment. Their equities are equal in point of merit; and where the equities are equal, the law or the analogy of law will prevail. The maxim in such case is, qwi prior est tempore potior est jure.
In Adams’ Equity (*p. 162) it is said: “If there be no legal right, or, in respect of equitable subject-matter, no perfect equitable right in any of the claimants, as, for example, if the estate be still outstanding in the original owner, or in some third person not constituted a trustee for any claimant individually, the claims will be satisfied in the order of date.”
In Brewster v. Power (10 Paige, 562), the application of the principle is thus declared : “ Where there is a resulting trust in favor of the creditors of the person who pays the consideration for real estate and takes a conveyance in the name of another, in fraud of their rights, it seems that a judgment recovered by one of such creditors is in equity a lien upon such real estate, except as against bona fide purchasers without notice ; although such estate cannot be sold under an execution upon the judgment.” The same principle is applied in Lynch v. Utica Ins. Co., 18 Wend. 236, 253.
In the present case the equities of the creditors were perfect *87 against Mrs. Sargent to have the property subjected to the payment of their judgments; and they are entitled to share in the proceeds according to the dates at which their respective equities accrued.
Judgment reversed, <md distribution ordered in aocorda/nee with the foregoing opinion.